**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **WILLIAM S. HARRIS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-339-LS** |
| | § | |
| **CHARISMA EDGE, *Warden*, FCI La Tuna,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner William S. Harris, Federal Prisoner Number 94655-051, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] His opposed petition is dismissed for failure to exhaust his administrative remedies.

**BACKGROUND**

Harris is a 65-year-old prisoner confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court.[2] His projected release date is January 24, 2032.

Harris worked for Ayudando Guardians, Inc., a non-profit organization established to provide guardianship, conservatorship, and financial management services for hundreds of individuals with special needs.[3] While employed at Ayundando, he conspired with others to embezzle over $11.5 million from nearly 1,000 vulnerable and disabled individuals. He agreed, pursuant to a plea agreement, to plead guilty to one count of conspiracy, in violation of 18 U.S.C. § 371, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). In exchange for his guilty pleas, he obtained the Government's promise to recommend a

---

[1] Pet'r's Pet., ECF No. 1.

[2] *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 94655-051, last visited Aug. 12, 2026).

[3] *United States v. Harris*, No. 17-CR-1836-MV, 2024 WL 3202397, at *1 (D.N.M. June 27, 2024).

sentence of 84 months of imprisonment. He absconded before sentencing and, as a result, he received an enhancement for obstruction of justice and did not receive a downward adjustment for acceptance of responsibility. He was sentenced to a total term of 180 months' imprisonment. His sentence was affirmed on appeal.

Harris now challenges "the manner in which Good Time Credits, First Step Act Credits, and Second Chance Act Credits are applied, and [his] release date is determined."[4] He claims that the Bureau of Prisons ("BOP") is not applying Second Chance Act credits to his sentence.[5] He maintains that he is entitled to First Step Act earned time credits from his first month in federal custody and argues that if the BOP had properly applied these credits, he would have been placed in a residential reentry center on or about February 15, 2025.[6] He asks the Court to order Respondent Warden Charisma Edge "to properly provide all Good Time, First Step Act, and Second Chance Act Credits that [he] is due."[7]

Respondent Warden Edge maintains the Court should dismiss or deny Harris' petition.[8] She reasons Harris' (1) claims are unexhausted; (2) claims are without merit because a defendant cannot accrue First Step Act, Second Chance Act, or Good Time Credits prior to sentencing; (3) time credits are being appropriately calculated and applied; (4) request for placement in prerelease custody is a decision firmly within the discretion of the BOP; and (5) case may be moot because he has already earned 365 First Step Act earned time credits towards his supervised release and

---

[4] Pet'r's Pet., ECF No. 1 at 1.
[5] *Id.* at 2.
[6] *Id.* at 3.
[7] *Id.* at 5.
[8] Resp't's Resp., ECF No. 5 at 1.

the Court can grant no further relief.[9]

Harris argues that habeas corpus is a constitutional right and he is not required to exhaust his administrative remedies.[10] He also maintains "[t]here is not [a] rational explanation for the denial of time credits as well as for the improper calculation of [his] time credits."[11]

**STANDARD OF REVIEW**

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."[12] A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[13] To prevail, a prisoner must show that he is in custody in violation of the Constitution or laws or treaties of the United States."[14]

**ANALYSIS**

Harris' administrative remedy history shows that as of October 23, 2025, he had not submitted any administrative remedy request while in BOP custody.[15] Harris argues "[t]o require the exhaustion of administrative remedies in a habeas corpus claim would be to create a rule that abrogates a Constitutional right which is prohibited."[16] He is wrong.[17]

The Fifth Circuit has long held that the BOP should be permitted to administratively rectify

---

[9] *Id.* at 1-2; *see also id*, Ex. 2 (Decl. of Bertha Tovar), ECF 5-5 at ¶¶ 12–17 and attach 2 (FSA Time Credit Assessment), ECF No. 5-7.
[10] Pet'r's Reply, ECF No. 6 at 9.
[11] *Id.*
[12] *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).
[13] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).
[14] 28 U.S.C. § 2241(c).
[15] *See* Resp't's Resp., Ex. 1 (Decl. of Michael Caldwell), ECF 5-2 at ¶ 9 and attach 2 (Administrative Remedy Generalized Retrieval), ECF No. 5-4.
[16] Pet'r's Pet., ECF No. 1 at 5.
[17] *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010).

an error if it fails to properly calculate a sentence.[18] "In the event that a prisoner feels he has been improperly refused credit for time he has served in … custody, the prisoner must first 'seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only then pursue judicial review of these computations.'"[19]

While there are exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief a prisoner seeks, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions apply only in "extraordinary circumstances."[20] And a petitioner bears the burden of demonstrating such circumstances.

Consequently, Harris "must first pursue all available administrative remedies" before seeking relief under § 2241.[21] And his exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures established by the BOP.[22]

The Court finds that Harris has failed to exhaust his administrative remedies or carry his burden of proving the futility of an administrative review.[23] It notes that dismissal on this basis

---

[18] *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991).
[19] *Setser*, 607 F.3d at 133 (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)); *see also Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018) (holding that "dismissal for lack of jurisdiction was appropriate because [the petitioner] failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition.").
[20] *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted).
[21] *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017).
[22] *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).
[23] *See Fuller*, 11 F.3d at 62 (explaining federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.").

alone is warranted.[24]

**CONCLUSIONS AND ORDERS**

The Court concludes that Harris has failed to exhaust his administrative remedies. The Court accordingly enters the following orders:

**IT IS ORDERED THAT** Petitioner William S. Harris' "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

**IT IS FURTHER ORDERED THAT** all pending motions are **DENIED**.

**IT IS FINALLY ORDERED THAT** the District Clerk shall **CLOSE** this case.

**IT IS SO ORDERED**.

**SIGNED** this 17th day of August 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[24] *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies).